IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13261-J

_____

OSHA,
U.S. DEPARTMENT OF LABOR,

Petitioners,

versus

GREAT WHITE CONSTRUCTION, INC.,
TRAVIS SLAUGHTER,
FLORIDA ROOFING EXPERTS, INC.,

Respondents.

_____

On Application for Civil Contempt from the Enforcement of the
an Order of the Occupational Safety and Health Review Commission

_____

BEFORE: MARTIN, TJOFLAT and MARCUS, Circuit Judges.

BY THE COURT:

The petitioner filed in this Court a Petition for Judgment of Civil Contempt. The petitioner

sought to have this Court adjudge Great White Construction, Inc., Travis Slaughter, and Florida

Roofing Experts, Inc. to be in civil contempt of this Court's October 2, 2017 and June 5, 2018

orders granting the petitioner's applications for summary enforcement of final orders of the

Occupational Safety and Health Review Commission.

In an order dated September 26, 2019, the Court ordered Great White Construction, Inc.,

Travis Slaughter, and Florida Roofing Experts, Inc. to show cause why the Petition for Judgment

of Civil Contempt should not be granted and to file a response within 21 days after the date of the order. No response was filed or received.

In an order dated January 3, 2020, the Court granted the Petition for Judgment of Civil Contempt. Among other things, the order held the respondents in contempt and held that the respondents shall be subject to coercive sanctions.

On January 17, 2020, Mr. Slaughter filed a response to the Court's January 3, 2020 order. Mr. Slaughter states that he does not remember receiving the Court's orders dated October 2, 2017, June 5, 2018, and September 26, 2019. Mr. Slaughter asserts that "any OSHA violations were immediately corrected and no longer exist" and that he does not have the financial ability to pay the amounts referenced in the Court's January 3, 2020 order. Mr. Slaughter requests that no coercive sanctions be imposed against him or Florida Roofing Experts, Inc.

On January 31, 2020, the petitioner filed a "Motion for Coercive Sanctions and Appointment of a Special Master." The motion is GRANTED as follows:

IT IS ORDERED that a special master shall be appointed in this matter to take such steps as necessary to enforce this Court's January 3, 2020 contempt judgment and this order as set forth below. The Chief Judge of the United States District Court for the Middle District of Florida is directed to appoint a district judge or magistrate judge of that court to act as special master. The Clerk's Office is DIRECTED to provide a copy of this order to the Chief Judge of the Middle District of Florida. The Chief Judge of the Middle District of Florida is requested to notify this Court's Clerk's Office when the Special Master has been appointed.

IT IS FURTHER ORDERED that Great White Construction, Inc., Travis Slaughter, and Florida Roofing Experts, Inc., pay the Secretary of Labor the amount of $2,202,049.41, plus interest and fees, in assessed penalties within ten days of entry of this order (ten-day period), or

(a) show cause why they are unable to do so and (b) specify what they are able to pay and the timeframe within which they will pay it, and the reasons for their proposal.

IT IS FURTHER ORDERED that if Great White Construction, Inc., Travis Slaughter, and Florida Roofing Experts do not pay the $2,202,049.41, plus interest and fees, within the ten-day period or show cause why they cannot in accordance with the previous paragraph of this order, they shall be assessed a minimum daily penalty of $1,000 per day.

IT IS FURTHER ORDERED that if Great White Construction, Inc., Travis Slaughter, and Florida Roofing Experts do not pay the $2,202,049.41, plus interest and fees, within the ten-day period, Great White Construction, Inc., Travis Slaughter, and Florida Roofing Experts, Inc., must prior to the expiration of the ten-day period disclose to the Secretary of Labor any accounts, including all bank accounts, money market accounts, investment accounts, and brokerage accounts, including account numbers in Great White Construction, Inc.'s, Travis Slaughter's, or Florida Roofing Experts, Inc.'s control and/or in which Travis Slaughter or either of the companies has any interest, including any accounts in existence at any time since January 1, 2013, until Great White Construction, Inc., Travis Slaughter, and Florida Roofing Experts, Inc., have satisfied the $2,202,049.41 contempt judgment. For any such accounts that Travis Slaughter or either of the companies may subsequently open, they must disclose the foregoing account information to the Secretary of Labor within three days of opening the account.

IT IS FURTHER ORDERED that, until the $2,202,049.41 contempt judgment is paid in full, Great White Construction, Inc., Travis Slaughter, and Florida Roofing Experts, Inc., shall not close any accounts described in the preceding paragraph, or remove any funds from those accounts, or sell any interest in real property, without prior notice to the Secretary of Labor and prior approval of this Court, except that Travis Slaughter may continue to pay rent or mortgage and routine necessities such as food, utilities, home and vehicle insurance, and travel, and Florida

Roofing Experts, Inc., may continue to pay necessary operating expenses for its business such as wages to employees and necessary materials and equipment. Travis Slaughter and Florida Roofing Experts, Inc., must report those payments to the Secretary of Labor in written reports due on the fifteenth of each month that explain the nature of the expense, the source of payment, the payee, and the date of payment.

IT IS FURTHER ORDERED that Great White Construction, Inc., Travis Slaughter, and Florida Roofing Experts, Inc., must also produce to the Secretary of Labor within ten days of this order complete sets of all federal and state tax returns for 2013 through 2018. Until Great White Construction, Inc., Travis Slaughter, and Florida Roofing Experts, Inc., have satisfied the $2,202,049.41 contempt judgment, they must also produce to the Secretary of Labor complete sets of all federal and state tax returns for 2019 within ten days of this order if the returns have already been filed or within ten days of the date the returns are filed, whichever is later. Tax returns for subsequent years must be produced within ten days of the date the returns are filed for so long as any amount of the $2,202,049.41 contempt judgment has not been paid. If for any year returns were or are not filed, Great White Construction, Inc., Travis Slaughter, and Florida Roofing Experts shall so notify the Secretary of Labor at the time the returns would have been required to have been produced and explain in that notification the reason for the lack of filing.

IT IS FURTHER ORDERED that Travis Slaughter provide to the Area Director of the Jacksonville Area Office of the Occupational Safety and Health Administration, within ten days of this order, abatement certification for the violations of 29 C.F.R. § 1926.100(a), 29 C.F.R. § 1926.102(a)(1), 29 C.F.R. § 1926.503(a)(1), 29 C.F.R. § 1926.501(b)(13), 29 C.F.R. § 1926.1053(b)(1), and 29 C.F.R. § 1926.1053(b)(20), as required by the final orders resulting from OSHA inspection numbers 1207831,1207836, 1190635, 1183753, 1181361, 1168041, 1147180, 996902, and 983753.

IT IS FURTHER ORDERED that Travis Slaughter provide to the Area Director of the Jacksonville Area Office of the Occupational Safety and Health Administration, within ten days of this order abatement documentation demonstrating that abatement is complete for each of the violations of 29 C.F.R. § 1926.100(a), 29 C.F.R. § 1926.102(a)(1), 29 C.F.R. § 1926.503(a)(1), 29 C.F.R. § 1926.501(b)(13), and 29 C.F.R. § 1926.1053(b)(1), as required by the final orders resulting from OSHA inspection numbers 1207831, 1207836, 1190635, 1183753, 1181361, 1168041, 1147180, 996902, and 983753.

IT IS FURTHER ORDERED that Travis Slaughter be assessed a minimum daily penalty of $350 for failure to submit the abatement certification and abatement documentation described in the preceding two paragraphs within ten days of this order; and that Great White Construction, Inc., Travis Slaughter, and Florida Roofing Experts, Inc., be assessed a minimum daily penalty of $1000 for any future violation of 29 C.F.R. § 1926.100(a), 29 C.F.R. § 1926.102(a)(1), 29 C.F.R. § 1926.503(a)(1), 29 C.F.R. § 1926.501(b)(13), 29 C.F.R. § 1926.1053(b)(1), and 29 C.F.R. § 1926.1053(b)(20).

IT IS FURTHER ORDERED that Travis Slaughter is reminded that noncompliance with the Court's contempt judgment or this order may result in his incarceration.